UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

*** REDACTED ***

| | |
|---|---|
| Case No. | LA CR13-00858 JAK |
| Date | August 18, 2021 |

Present: The Honorable John A. Kronstadt, United States District Judge

Interpreter  N/A

| D. Rojas | Not Reported | Not Present: Jay H. Robinson |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorneys* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Andres Pedro Arrieta | No | X | | Pro Se | | | |

Proceedings: IN CHAMBERS) ORDER RE (PRO SE) COMPASSIONATE RELEASE APPLICATION FOR CONSIDERATION ON HOME CONFINEMENT PURSUANT TO 18 U.S.C. 3582(C)(1)(A), FIRST STEP ACT (SECTION 404) (DKT. 82)

## I.   Introduction

On April 17, 2014, Andres Pedro Arrieta ("Arrieta" or "Defendant") pleaded guilty to one count of knowing and intentional distribution of at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). *See* Dkt. 36 (indictment); Dkt. 55 (minutes of change of plea hearing). On November 20, 2014, Defendant was sentenced to 168 months in custody, followed by five years of supervised release. Dkt. 75 (Judgment and Commitment). Defendant is currently incarcerated at Federal Detention Center SeaTac ("FDC SeaTac") in Seattle, Washington. Dkt. 82 at 1. The Bureau of Prisons reports that his current release date is November 21, 2025. *See* https://www.bop.gov/inmateloc/.

On May 6, 2021, Defendant filed a (Pro Se) Compassionate Release Application for Consideration on Home Confinement Pursuant to 18 U.S.C. 3582(c)(1)(A), First Step Act (Section 404). Dkt. 82 (the "Application"). Through the Application, Defendant seeks an order releasing him from custody and having him complete the remainder of his sentence in home confinement. *Id.* at 10. In the alternative, Defendant seeks resentencing pursuant to Section 401 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194.[1] The Government did not file an opposition to the Application.

Pursuant to Fed. R. Crim. P. 43(b)(4), it is not required that a defendant be present in connection with a

---

[1] The Application also refers to Section 404 of the First Step Act. This appears to be a typographical error. "Section 404 of the First Step Act addresses how the Fair Sentencing Act applies to offenders whose sentences were final before Congress enacted the Fair Sentencing Act." *United States v. Kelley*, 962 F.3d 470, 472 (9th Cir. 2020). The Fair Sentencing Act was passed in 2010, *id.* at 471-72, and was in effect when Defendant was sentenced in 2014. Further, because that Act concerns sentencing for crack cocaine offenses, it did not apply to Defendant's conviction for distribution of methamphetamine. *See United States v. Quintero-Soto*, 491 F. Supp. 3d 478, 481 (D. Ariz. 2020) ("[The Fair Sentencing Act] did not, however, affect the sentencing ranges for similar offenses involving other controlled substances, such as powder cocaine and methamphetamine.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**
**\*\*\* REDACTED \*\*\***

process that "involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." *See also Dillon v. United States*, 560 U.S. 817, 827-28 (2010). Further, based on a consideration of the matters presented by the Motion, it is determined that it is one that can be decided without a hearing. For the reasons stated in this Order, the Application is **DENIED**.

II.     Analysis

     A.     The First Step Act

In 2018, Congress passed the First Step Act, which "implement[s] various criminal-justice reforms." *United States v. Kelley*, 962 F.3d 470, 472 (9th Cir. 2020). Two provisions of the First Step Act are relevant to the Application.

*First*, Section 401 of the Act "scales back the recidivism penalties for drug offenses under 21 U.S.C. § 841….[and] reduces the length of the mandatory minimum sentences triggered by prior drug offenses." *United States v. Asuncion*, 974 F.3d 929, 931 (9th Cir. 2020). These amendments only apply to sentences that were not imposed before December 2018, when the Act was passed. *Id.* at 934.

*Second*, the Act amended the procedures through which a defendant may seek a reduction of a sentence based on a request for "compassionate release." Such requests are addressed at 18 U.S.C. § 3582(c)(1)(A), which provides for the following procedures:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Under these terms, a request for compassionate release requires a three-step process. *First*, before commencing a judicial proceeding, a defendant must exhaust administrative remedies. A defendant can do so by either "exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or waiting until "the lapse of 30 days from receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). *Second*, upon receiving a compassionate release motion that is presented after administrative remedies have been exhausted, a district court evaluates whether "extraordinary and compelling reasons warrant such a reduction" and that such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id. Third*, in assessing whether release would be appropriate, a district court "consider[s] the [sentencing] factors set forth in section 3553(a) to the extent that they are applicable." *Id.*

In a motion for compassionate release, the defendant "bears the initial burden to put forward evidence that establishes an entitlement to a sentence reduction." *United States v. Greenhut*, No. 2:18-CR-00048-CAS-1, 2020 WL 509385, at \*1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**
**\*\*\* REDACTED \*\*\***

(9th Cir. 1998)).

  B.  Request for Sentence Reduction

Although the Application is not entirely clear, Defendant appears to argue that Section 401 of the First Step Act applies to nonviolent drug offenders, and that he is eligible for the requested relief. Dkt. 82 ¶¶ 8, 12. However, Section 401 does not apply to a sentence that was imposed before the First Step Act was enacted in 2018. *Asuncion*, 974 F.3d at 934. Because Defendant was sentenced in 2014, he cannot seek relief under Section 401. Further, even if Section 401 did apply to Defendant, it would not entitle him to a sentence reduction. Section 401 narrows the types of prior drug offenses that trigger mandatory minimum sentences under 21 U.S.C. § 841, and reduces the length of those mandatory minimum sentences. *Asuncion*, 974 F.3d at 931. Defendant's sentence was not based on a mandatory minimum sentence triggered by a prior drug offense. Rather, it took into account the mandatory sentence of ten years for the underlying offense of methamphetamine distribution. 21 U.S.C. § 841(b)(1)(A)(viii). The First Step Act did not amend this mandatory minimum sentence.

For these reasons, to the extent the Application seeks relief pursuant to Section 401, it is **DENIED**.

  C.  Compassionate Release Request

    1.  <u>Exhaustion of Administrative Remedies</u>

      a)  Legal Standard

A motion for compassionate release may be filed in the district court only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The Ninth Circuit has determined that this exhaustion requirement is not jurisdictional, but "imposes a mandatory claim-processing rule." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) (per curiam). Such a rule is "'mandatory' in the sense that a court must enforce the rule if a party properly raises it." *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849 (2019) (quoting *Eberhart v. United States*, 546 U.S. 12, 19 (2005)). If the non-moving party does not so object, these rules "may be waived or forfeited." *Hamer v. Neighborhood Housing Servs. of Chicago*, 138 S. Ct. 13, 17 & n.1 (waiver is the "intentional relinquishment or abandonment of a known right" and forfeiture is "the failure to make the timely assertion of a right") (internal citations omitted).

      b)  Application

Defendant states that he filed a request for compassionate release with the Warden of FDC SeaTac in April 2020. The Application was filed on May 6, 2021. Because Defendant did not state the exact date he submitted the request to the Warden, it is unclear whether he waited the necessary 30 days before filing this action in the district court. However, because the Government did not file an opposition, the issue of exhaustion has been waived. Therefore, the merits of the Motion may be considered.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**
\*\*\* REDACTED \*\*\*

    2.    Extraordinary and Compelling Reasons and Sentencing Commission Policy Statements

        a)    Legal Standards

Pursuant to § 3582(c)(1)(A), the United States Sentencing Commission is required to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Application Note 1 to U.S.S.G. § 1B1.13 identifies circumstances under which "extraordinary and compelling reasons exist." These include: (i) "Medical Condition of the Defendant," (ii) "Age of the Defendant," (iii) "Family Circumstances," and (iv) "Other Reasons." Under U.S.S.G. § 1B1.13, the "extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." *Id.* at Application Note 2. There may be other extraordinary and compelling grounds "[a]s determined by the Director of the Bureau of Prisons" that are distinct from the first three categories. U.S.S.G. § 1B1.13, Application Note 1. This final category is described as a "catch-all provision." *Rodriguez*, 424 F. Supp. 3d at 681.

The current version of U.S.S.G. §1B1.13 refers only to motions filed by the Director of the Bureau of Prisons, and not to motions filed by a defendant as now permitted under the amended § 3582(c)(1)(A). Following the amendment of § 3582(c)(1)(A) by the First Step Act, various district courts initially disagreed about whether U.S.S.G. § 1B1.13 is an "applicable policy statement[ ] issued by the Sentencing Commission" for § 3582(c)(1)(A) motions filed by a defendant rather than the Director of Bureau of Prisons. The Ninth Circuit recently held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for . . . § 3582(c)(1)(A) motions filed by a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). Specifically, *Aruda* concluded that "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.*

        b)    Application

            (1)    Medical Condition

Circumstances under "Medical Condition of the Defendant" include a "terminal illness," "i.e., a serious and advanced illness with an end of life trajectory." They also include the following:

    (ii)    The defendant is

        (I)    Suffering from a serious physical or medical condition,
        (II)    Suffering from a serious functional or cognitive impairment, or
        (III)    Experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, Application Note 1.

Defendant states that COVID-19 remains a risk at FDC SeaTac, given that new prisoners arrive every week, and that the COVID-19 vaccines are not perfect. He states that he has received a vaccine, but that he is obese and has suffered from post-traumatic stress disorder-like symptoms since his mother died in March 2021.

These arguments do not show that Defendant has a medical condition that "substantially diminishes" his ability

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**
*** REDACTED ***

"to provide self-care within the environment of a correctional facility," nor that it is a condition "from which he…is not expected to recover." Although this Policy Statement is not binding, it remains helpful guidance. *United States v. Parker*, 461 F. Supp. 3d 966, 980 n.9 (C.D. Cal. 2020) (internal citation omitted). Nor do these arguments show that Defendant's medical condition is so "extraordinary" that compassionate release is justified. The record does not reflect any current impairments from his obesity. That Defendant has received a COVID-19 vaccine that substantially reduces his risk of infection and serious illness from that virus. Because Defendant "bears the initial burden to put forward evidence that establishes an entitlement to a sentence reduction," *Greenhut*, 2020 WL 509385 at *1, this does not support a finding of extraordinary and compelling circumstances.

(2) Age of the Defendant

The age of the defendant can be an extraordinary and compelling reason where the defendant "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13, Application Note 1. Defendant is 49 years old. Dkt 82 ¶ 16. Therefore, this factor does not weigh in favor of compassionate release.

(3) Family Circumstances

"[T]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner" are family circumstances that may qualify as extraordinary and compelling reasons for release. U.S.S.G. § 1B1.13, Application Note 1. Although Defendant notes that his mother recently died, Dkt. 82 ¶ 18, he does not state that she was the primary caregiver of any minor children. Nor has he presented any other evidence as to such family circumstances. Therefore, this factor does not weigh in favor of compassionate release.

(4) Other Extraordinary and Compelling Grounds

Defendant has not identified any other extraordinary and compelling grounds that support compassionate release.

3. Factors Under 18 U.S.C. § 3553(a) and Danger to Community

a) Legal Standards

In the third step of the analysis, 18 U.S.C. § 3582 requires a consideration of "the factors set forth in section 3553(a) to the extent that they are applicable." Finally, a court must assess whether the moving party is a "danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13, Application Note 4.

Section 3553(a) includes the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc); 18 U.S.C. § 3553(a)(1)-(7).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**
*** REDACTED ***

   b)  Application

Although Defendant's offense was not violent, it was a very serious one that involved the sale of a large amount of methamphetamine. The Guidelines Range for Defendant's sentence was between 262 and 327 months. Defendant's current sentence of 168 months reflects a substantial downward departure from the applicable guidelines. Although district courts in this Circuit have held that a below-Guidelines sentence does not itself "foreclose[] the possibility of a reduced sentence on account of subsequent developments," *United States v. Sarkisyan*, No. 15-cr-00234-CRB-15, 2020 WL 2542032, at *2 (N.D. Cal. May 19, 2020), a further reduction would create sentencing disparities. This is especially so given that Defendant's conviction required a ten-year, *i.e.*, 120-month, minimum sentence. *See* 21 U.S.C. § 841(b)(1)(A)(viii) (violation involving more than 50 grams of methamphetamine requires "a term of imprisonment which may not be less than 10 years or more than life").[2] Considered collectively, the 3553(a) factors do not favor compassionate release.

     \*    \*    \*

For the foregoing reasons, Defendant has not demonstrated that compassionate release is warranted under 18 U.S.C. § 3582(c)(1)(A).

**III.**  <u>Conclusion</u>

For the reasons stated in this Order, the Application is **DENIED.**

**IT IS SO ORDERED.**

                                 :
                   Initials of Deputy Clerk dr

---

[2] If Defendant were sentenced today, the sentencing court would be permitted to impose a below-minimum sentence for a violation of 21 U.S.C. § 841, provided that, *inter alia*, the defendant did not have "more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(1)(A).